**In re the ADOPTION OF
M.T.S., a Minor.**

**No. C3–92–290.**

Court of Appeals of Minnesota.

Sept. 15, 1992.

John D. Ellenbecker, St. Cloud, for appellant Guardian Ad Litem.

Karla A. Krueger, St. Cloud Area Legal Services, St. Cloud, for respondent P.S.

Mark G. McKeon, Cold Spring, for respondent Delores Nelson.

Peter W. Cannon, Mahnomen, for respondent Minnesota Chippewa Tribe.

William R. Kennedy, Hennepin County Public Defender, Peter W. Gorman, Asst. Public Defender, Minneapolis, for amicus curiae Hennepin County Public Defender.

Shirley M. Cain, Minneapolis, for amicus curiae Upper Midwest American Indian Center.

Janet C. Werness, SMRLS, St. Paul, for amicus St. Paul American Indian Center.

Considered and decided by SHORT, P.J., and FORSBERG and SCHUMACHER, JJ.

## OPINION

FORSBERG, Judge.

The trial court granted the adoption petition of respondent grandmother P.S. to adopt M.T.S., an Indian child, and denied the adoption petition of M.T.S.'s white foster family. The guardian ad litem appeals, arguing the trial court failed to apply Minnesota's best interests of the child standard. We affirm.

## FACTS

M.T.S. was born on August 18, 1987. He is one-quarter Chippewa Indian and is eligible for enrollment in the White Earth Band of the Minnesota Chippewa Tribe. His biological father is one-half Chippewa Indian and is an enrolled member of the White Earth Band. His biological mother is Caucasian.

Stearns County Social Services (Social Services) removed M.T.S. from his parents' custody in April 1988 and placed him in foster care with Delores and Marlo Nelson. The Nelsons are Caucasian.

On June 1, 1990, parental rights to M.T.S. were terminated. The Nelsons thereafter filed an adoption petition.

M.T.S.'s paternal grandmother, P.S., intervened in the proceeding, and also filed a petition to adopt M.T.S. P.S. is full-blooded Chippewa Indian and is an enrolled member of the White Earth Band. The parties agreed to a shared custody arrangement pending a full evidentiary hearing on their respective petitions.

Court-ordered home studies of the parties' homes were conducted by two licensed social workers, who were qualified expert witnesses under the Indian Child Welfare Act. They recommended M.T.S. be placed for adoption in P.S.'s home. They believed that M.T.S. would receive excellent care from P.S. and that he would thrive emotionally by becoming part of his natural family and culture. They acknowledged M.T.S. will experience pain as a result of his separation from the Nelsons, but determined the Nelsons could not meet M.T.S.'s emotional and cultural needs as an Indian child. Additional testimony also addressed the need for M.T.S. to learn his Indian heritage and culture and the potential for pain and suffering resulting from his separation from the Nelsons with whom he has extensive bonds.

After hearing and considering all of the testimony presented, the guardian ad litem submitted a recommendation to the court. The guardian ad litem, who is Caucasian, stated it was very important for M.T.S. to learn his Indian heritage and culture and it was in the boy's best interests for P.S. to be the source of this information. The guardian ad litem nevertheless expressed concern that M.T.S. would have access to his biological parents if P.S. were allowed to adopt him. In an earlier meeting with Social Services, P.S. apparently had expressed a desire to have her grandson reunite with his biological parents and stated she did not agree with the termination of the parental rights of her son. The guardian ad litem therefore recommended that M.T.S. be placed in the Nelson home for adoption, and that P.S. be granted visitation.

The court concluded that this matter is governed by the Indian Child Welfare Act (ICWA), that the Nelsons have failed to establish "good cause" not to follow the placement preferences contained in the ICWA, and that the ICWA preempts the factors contained in Minnesota's "best interests of the child" standard. The court therefore granted the adoption petition of P.S. The guardian ad litem appeals.

## ISSUE

Did the trial court err in concluding that the ICWA preempts state law and requires placement with P.S.?

## ANALYSIS

The guardian ad litem initially notes he does not challenge the trial court's denial of the Nelsons' adoption petition. Moreover, the Nelsons do not appeal the denial of their adoption petition. The guardian ad litem instead argues the trial court erred in concluding Minnesota's best interests of the child standard did not apply to this adoption proceeding. *See* Minn.Stat. § 257.025(a) (1990).

■ M.T.S. is an "Indian child" within the meaning of the ICWA. *See* 25 U.S.C.A. § 1903(4)(b) (West 1983). The ICWA expresses the presumption that in an adoptive placement of an Indian child, the child's interests are best served by placement with an extended family member. 25 U.S.C.A. § 1915(a)(1) (West 1983). To overcome this preference, a party must establish the existence of "good cause to the contrary." *Id.* Agency guidelines provide "good cause to the contrary" shall be based on one or more of the following considerations:

(i) The request of the biological parents or the child when the child is of sufficient age.

(ii) The extraordinary physical or emotional needs of the child as established by testimony of a qualified expert witness.

(iii) The unavailability of suitable families for placement after a diligent search has been completed for families meeting the preference criteria.

Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.Reg. 67,584, 67,594 (1979); *see also* Minnesota Dep't of

Human Servs., *Social Services Manual* XIII–3611 (1987).

The ICWA establishes minimum federal standards for the placement of Indian children in adoptive homes which reflect the unique values of Indian culture. 25 U.S.C.A. § 1902 (West 1983). Only state or federal laws which give "a higher standard of protection to the rights of the parent or Indian custodian of an Indian child" are applicable to child custody proceedings under the ICWA. 25 U.S.C.A. § 1921 (West 1983). Accordingly, our state legislature has expressly acknowledged that the ICWA controls in several areas concerning the welfare of Indian children. *See, e.g.,* Minn.Stat. § 260.011, subd. 2(a), (b) (1990) (best interests of child are considered consistent with ICWA); Minn.Stat. § 260.221, subd. 4 (1990) (termination of parental rights). Because the state law at issue, Minn.Stat. § 257.025, does not provide a higher standard of protection to the rights of the parent or Indian custodian, it is preempted by the ICWA.

In general, the ICWA includes standards which adequately protect the best interests of the child. *See* 25 U.S.C.A. § 1902 (establishment of minimum federal standards is to protect the best interests of Indian children). Under these standards, placing M.T.S. with P.S. is presumptively in his best interests. Although the record indicates that the Nelsons provided M.T.S. with a loving foster home, the fact that separation from them will be initially painful to M.T.S. is not good cause to defeat the preference created by the ICWA. *See* Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.Reg. 67,584, 67,594 (agency guidelines discussing good cause); *cf. In re Interest of C.W.*, 239 Neb. 817, 479 N.W.2d 105, 118 (1992) (trauma of disturbing mentally handicapped child's seven-year bond with foster family may constitute good cause where experts agreed that Indian children need stability).

## DECISION

The trial court properly granted the grandmother's adoption petition.

Affirmed.